MARK G. TRATOS, ESQ.
Nevada Bar No. 1086
tratosm@gtlaw.com
BETHANY L. RABE, ESQ.
Nevada Bar No. 11691
rabeb@gtlaw.com
JACOB LANGSNER, ESQ. *(admission pending)*
Nevada Bar No. 17085
jacob.langsner@gtlaw.com
**GREENBERG TRAURIG, LLP**
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

*Counsel for Plaintiffs*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| VLADIMIR KUSH, an individual; KUSH FINE ARTS LAS VEGAS, INC., a Nevada corporation, and KUSH FINE ART LTD., a Hawaii Corporation, | Case No.: |
| Plaintiffs, | **COMPLAINT** |
| v. | **[Jury Trial Demanded]** |
| PIXELS.COM, LLC, an Illinois limited liability company, | |
| Defendants. | |

For their complaint against Defendant PIXELS.COM, LLC, an Illinois limited liability company, Plaintiffs Vladimir Kush, Kush Fine Arts Las Vegas, Inc. (also known as Kush Fine Art Las Vegas, Inc.), and Kush Fine Art Ltd. ("Plaintiffs") hereby complain and allege as follows:

## NATURE OF ACTION

This is an action for copyright infringement, vicarious copyright infringement, contributory copyright infringement, falsification and removal of copyright management information, registered mark infringement, unfair competition/false endorsement, violations of Nevada's Deceptive Trade Practices Act, violation of Nevada's right of publicity statute, and unjust enrichment based on the use

Page 1

ACTIVE 723838778v1

of Plaintiffs' name and images without permission on multiple websites. Plaintiffs seek damages, attorneys' fees, costs, and preliminary and permanent injunctive relief.

## JURISDICTION

1.      This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§1331 and 1338(a) and (b). This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a).

2.      This Court has personal jurisdiction over Defendant because Defendant has continuous and systematic contacts with Nevada, regularly transacts business in Nevada, has committed a tortious act in Nevada, and/or has committed a tortious act causing damage to Plaintiffs in Nevada.

3.      Venue is proper in the United States District Court for the District of Nevada under 28 U.S.C. § 1391(b). Venue lies in the unofficial Southern Division of this Court.

## PARTIES

4.      Plaintiff Vladimir Kush is a world-renowned visual artist, with a career spanning multiple decades. While his formal training was in Russia, he emigrated to the United States in 1990. Mr. Kush is a U.S. citizen and lives in Las Vegas, Nevada, where three of his children were born. His art, in the style of Metaphorical Realism, is instantly recognizable and has been exhibited all over the world. He has fine art galleries in Florida, California, Arizona, Hawaii, and Las Vegas, Nevada, where he sells original oil and watercolor paintings, original drawings, limited edition reproductions, sculptures, art books of his works, and his jewelry. He also displays some of his work on webpages, including www.vladimirkush.com, www.kushfineart.com, and www.metaphoricalrealism.com. His art is widely accessible via the Internet through various blogs and websites, and in books such as *Metaphorical Journey, Doors of Perception, Light for the Souls,* and others.

5.      Plaintiff Kush Fine Arts Las Vegas Inc. (also known as Kush Fine Art Las Vegas, Inc.) is a Nevada corporation that plays a role in the operation of Mr. Kush's art business.

6.      Plaintiff Kush Fine Art Ltd. is a Hawaii corporation that plays a role in the operation of Mr. Kush's art business and owns the trademark VK VLADIMIR KUSH (stylized), U.S. Registration Number 3600319, in International Class 14 for precious metals and their alloys, namely, gold, silver, platinum and titanium, jewelry, precious stones; artifacts in precious metals, namely

GREENBERG TRAURIG, LLP
10845 Griffith Peak Dr. Suite 600
Las Vegas, Nevada 89135
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

ACTIVE 723838778v1

GREENBERG TRAURIG, LLP
10845 Griffith Peak Dr. Suite 600
Las Vegas, Nevada 89135
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

statues and statuettes; International Class 16 for graphic art reproductions; framed and unframed paintings; prints; International class 35 for art gallery services; and International Class 41 for conducting educational exhibitions in the nature of art exhibit, namely, presentation to the public of works of plastic, graphic, photographic and literature art.

7. Defendant Pixels.com, LLC ("Pixels") is an online art marketplace and print-on-demand company.

8. Non-party "Lewis Weston" is a user of Pixels.com or an affiliate website who has uploaded unauthorized copies of Vladimir Kush's artwork to Pixels.com or an affiliate website, misattributed the VLADIMIR KUSH name to works not created by Mr. Kush, and/or used the term VLADIMIR KUSH without permission in connection with the offering for sale of various artwork.

9. Non-party "First Artist" is a user of Pixels.com or an affiliate website who has uploaded unauthorized copies of Vladimir Kush's artwork to Pixels.com or an affiliate website, misattributed the VLADIMIR KUSH name to works not created by Mr. Kush, and/or used the term VLADIMIR KUSH without permission in connection with the offering for sale of various artwork.

10. Non-party "Celestial Creations" is a user of Pixels.com or an affiliate website who has uploaded unauthorized copies of Vladimir Kush's artwork to Pixels.com or an affiliate website, misattributed the VLADIMIR KUSH name to works not created by Mr. Kush, and/or used the term VLADIMIR KUSH without permission in connection with the offering for sale of various artwork.

11. Non-party "Vladimir Kush" is a user of Pixels.com or an affiliate website (this is an imposter with no relation to Plaintiff Vladimir Kush) who has uploaded unauthorized copies of Vladimir Kush's artwork to Pixels.com or an affiliate website, misattributed the VLADIMIR KUSH name to works not created by Mr. Kush, and/or used the term VLADIMIR KUSH without permission in connection with the offering for sale of various artwork.

12. Non-party "Saad Vintage" is a user of Pixels.com or an affiliate website who has uploaded unauthorized copies of Vladimir Kush's artwork to Pixels.com or an affiliate website, misattributed the VLADIMIR KUSH name to works not created by Mr. Kush, and/or used the term VLADIMIR KUSH without permission in connection with the offering for sale of various artwork.

/ / /

ACTIVE 723838778v1

GREENBERG TRAURIG, LLP
10845 Griffith Peak Dr. Suite 600
Las Vegas, Nevada 89135
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

13. Non-party "Brock Herrmann" is a user of Pixels.com or an affiliate website who has uploaded unauthorized copies of Vladimir Kush's artwork to Pixels.com or an affiliate website, misattributed the VLADIMIR KUSH name to works not created by Mr. Kush, and/or used the term VLADIMIR KUSH without permission in connection with the offering for sale of various artwork.

14. Non-party "Dani Diyaz" is a user of Pixels.com or an affiliate website who has uploaded unauthorized copies of Vladimir Kush's artwork to Pixels.com or an affiliate website, misattributed the VLADIMIR KUSH name to works not created by Mr. Kush, and/or used the term VLADIMIR KUSH without permission in connection with the offering for sale of various artwork.

15. Non-party "Matthew Wong," a/k/a "David Regone" is a user of Pixels.com or an affiliate website who has uploaded unauthorized copies of Vladimir Kush's artwork to Pixels.com or an affiliate website, misattributed the VLADIMIR KUSH name to works not created by Mr. Kush, and/or used the term VLADIMIR KUSH without permission in connection with the offering for sale of various artwork.

16. There may be additional persons or entities who participated in, facilitated, encouraged, had authority over, or had a financial stake in the infringement and actions described herein. Plaintiffs reserve the right to add parties as the case proceeds and additional information is uncovered.

17. The non-party individual users listed above, as well as other non-party individual users who may be identified in the course of this litigation, are referred to herein as the "Individual Users."

ALLEGATIONS COMMON TO ALL COUNTS

**Mr. Kush Creates the Works and Obtains Copyright Registrations**

18. Mr. Kush is a professional artist. He creates drawings, paintings, sculptures, and jewelry because art is his lifelong passion, but art is also how he makes his living: he sells original drawings, paintings, sculptures, jewelry, books, and apps, as well as authorized limited edition reproductions, to collectors. He also licenses his work to those who seek to use it for other purposes. The images created by Mr. Kush have been licensed for reproduction on numerous book covers and other public and commercial displays, and have won international accolades. Mr. Kush has produced hundreds of works throughout his lifetime.

/ / /

Page 4

19.    Mr. Kush has obtained copyright registrations for his works. The copyright registrations at issue here are listed in **Exhibit A**. Exhibit A also contains works not created by Mr. Kush but appearing on Pixels.com or an affiliate website as attributed to Mr. Kush.

20.    The above-mentioned registered works are referred to herein as the "Works."

21.    Plaintiffs maintain a publicly-available website where fans and prospective buyers can learn about Mr. Kush, find gallery locations, purchase Mr. Kush's books, and generally follow Mr. Kush's doings.

22.    The website, www.kushfineart.com, includes a section where interested buyers can browse available editions of his work. Many of the Works are visible on the website.

23.    Some of the Works at issue here, as they appear on the Pixels.com affiliate website "Fine Art America," are reproduced below:







GREENBERG TRAURIG, LLP
10845 Griffith Peak Dr. Suite 600
Las Vegas, Nevada 89135
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

ACTIVE 723838778v1

24.     As a world-renowned artist, Mr. Kush's artwork is highly-sought after and valuable to collectors and art enthusiasts.  Mr. Kush's original oil paintings can cost in the hundreds of thousands of dollars, with limited-edition prints of his works selling for tens of thousands of dollars.  Mr. Kush is not licensing his works for mass production of any type, including, without limitation, for use on third-party prints, décor, and household items sold at scale over the internet.

**Pixels is a Print-on-Demand Company That Encourages Infringement**

25.     Pixels.com is a website that purports to "help[] artists sell wall art, home decor, apparel, and other products."  It allows users to upload images to the site, set prices, and then sell artwork to customers all over the world.  In connection with uploaded images on Pixels.com, as well as multiple affiliate websites including but not limited to "Fine Art America" and "Designer Prints," Defendant Pixels prints, frames, mats, packages, warehouses, and ships the art, and does the same for a wide variety of household goods. It also assists artists with sales and marketing, including, without limitation, by acting as a payment processor.

26.     In practice, however, Pixels is not just altruistically "helping artists," but also helping those who wish to profit from the unauthorized use of artists' intellectual property.  There are numerous infringing works on the Pixels.com website, including, for example, extensive reproductions and displays of artworks by Pablo Picasso, Andy Warhol, and Keith Haring.  Pixels knows this; in fact, they have adopted policies that appear to encourage infringement.  For example, Pixels' websites' Terms of Use state that "In the event a user's materials are removed due to a DMCA notice and then subsequently restored due to the filing of a DMCA counter-notification, [the website] will treat the underlying DMCA notice as withdrawn."

27.     Pixels also appears to encourage its users to remove copyright management information from the images submitted.  Specifically, each of the Pixels sites contains some guidance to this effect: "Copyright notices are generally frowned upon. No one wants to see COPYRIGHT 2012 JOHN SMITH printed across a piece of artwork that they want to hang on their wall."

28.     Likewise, Pixels has been sued for copyright infringement and trademark infringement on a number of occasions by various plaintiffs, putting it on notice that its site is frequently used to traffic in infringing material.  As one court held, "there appears to be a pattern of ignoring the trademarks of

GREENBERG TRAURIG, LLP
10845 Griffith Peak Dr. Suite 600
Las Vegas, Nevada 89135
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

Page 6

the goods offered on its websites, as multiple well-known brands of products are being offered by third-party users for sale, apparently without license." *See Canvasfish.com, LLC v. Pixels.com, LLC*, No. 1:23-cv-611, 2024 U.S. Dist. LEXIS 35999, at \*30-31 (W.D. Mich. Mar. 1, 2024).

29.      On information and belief, Pixels operates numerous websites, including Pixels.com (website home page: https://pixels.com/); Fine Art America (website home page: https://fineartamerica.com/); Designer Prints ((website home page: https://designerprints.com/); Deck the Walls (website home page: https://shopdeckthewallsart.com/); ShopForArt.com (website home page: https://shopforart.com/); The Great Frame Up (website home page: https://shopthegreatframeupart.com/); Metal Posters (website home page: https://metalposters.com/); PX Puzzles (website home page: https://pxpuzzles.com/); and Pixels Merch (website home page: https://pixelsmerch.com/).

30.      On information and belief, when a user uploads an image onto one Pixels website, it automatically populates to all the others, lending the appearance of competition and legitimacy.

31.      When a Pixels user makes a sale, Pixels receives a base amount from the sale.  The "artist" (the user who uploaded the image) receives an amount on top of that, which the "artist" sets. In many cases, it is likely that Pixels makes more than the "artist" on a sale.

32.      Logistically, the Pixels sites explain that when they receive an image file from a user, the site stores the high-resolution image internally, and Pixels makes several lower-resolution reproductions of that file for use on its site.

33.      According to its discussion board, Pixels also monitors submissions, and represents that "listings that misuse the system may be removed."

**Mr. Kush Discovers Large-Scale Infringement on Pixels' Sites and Sends DMCA Notices; Pixels Does Not Adequately Respond**

34.      A few months ago, Mr. Kush discovered large-scale infringement on the Pixels sites. Specifically, as noted above, various non-parties using likely fictitious usernames (the Individual Users) were uploading and offering for sale Mr. Kush's artwork, as well as uploading and offering for sale works not created by Mr. Kush, all while representing to consumers that these were VLADIMIR KUSH works.

ACTIVE 723838778v1

GREENBERG TRAURIG, LLP
10845 Griffith Peak Dr. Suite 600
Las Vegas, Nevada 89135
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

GREENBERG TRAURIG, LLP
10845 Griffith Peak Dr. Suite 600
Las Vegas, Nevada 89135
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

35. In so doing, the titles of the Works were changed from the titles selected by Mr. Kush.

36. The Works were offered for sale at very low prices, including at less than one hundred dollars per print.

37. Plaintiffs confirmed that Mr. Kush's Works were, in fact, being made available for purchase on a variety of art objects and household items by documenting test purchases from the Individual Users "First Artist" and "Lewis Weston" via the Pixels website Fine Art America. Mr. Kush documented his purchases of a wood print, a coffee mug, a framed print, and a throw pillow, all bearing his copyright-registered Works without authorization, as sold by the Individual Users, and as manufactured, printed, framed, matted, packaged, warehoused, and shipped by Pixels.  Two examples of these purchases, a mug and a pillow, are below:




38. Mr. Kush moved quickly to send DMCA notices seeking removal of all infringing material.  However, Pixels did not adequately respond to the DMCA notices sent on behalf of Mr. Kush.

39. Plaintiffs caused to be transmitted six DMCA takedown notices outlining the infringements of six separate infringers across nine websites commonly controlled by Pixels.com, LLC.  Only about half of the identified infringing sellers' pages were removed or taken down shortly after the requests were transmitted.

/ / /

Page 8

40.     Despite further correspondence and assurance from Pixels' designated agent, numerous infringing works identified in the DMCA notices remained accessible on the Pixels.com sites for months after Pixels received such notices, and many identified Works still remain accessible as of the day of this filing.

41.     On information and belief, Pixels is intentionally ignoring the DMCA notices when it comes to its most popular websites in an effort to make further profit, and to benefit from the prestige of displaying Vladimir Kush works on its sites.

42.     Likewise, when Mr. Kush obtained a DMCA subpoena for the identifying information of the various fictitious users who had uploaded the Works, Plaintiffs were unable to serve the subpoena at either the Pixels identified corporate headquarters in Chicago, Illinois, or at its listed main business address in Santa Monica, California, despite multiple diligent efforts at both locations. Indeed, both locations were locked and vacant during normal business hours.

43.     Upon information and belief, Defendant has intentionally made it difficult to effectuate formal service in order to insulate itself from the obligation to disclose information relating to instances of infringement on its websites.

44.     When Mr. Kush was finally able to obtain acceptance of digital service of the subpoenas by Pixels' designated agent, one month after the subpoenas were issued, Pixels provided only email addresses for four Individual Users; no names, physical addresses, or other information sufficient to identify any Individual User were included in the subpoena response, despite Mr. Kush's request.

45.     Despite Mr. Kush's efforts to resolve these issues short of litigation, many of Mr. Kush's Works remain on the Pixels sites. Further, many works that were not created by Mr. Kush remain on the site misattributed to Mr. Kush.

46.     Defendant did not obtain permission from Plaintiffs to reproduce, display, or otherwise exploit any of the Works or the VLADIMIR KUSH mark.

47.     Pixels has profited from the unauthorized use of Plaintiffs' Works and from the VLADIMIR KUSH mark.

/ / /

Page 9

GREENBERG TRAURIG, LLP
10845 Griffith Peak Dr. Suite 600
Las Vegas, Nevada 89135
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

48.    Plaintiffs have been damaged in a variety of ways by Defendant's conduct, including monetary losses, loss of goodwill, and reputational losses as a result of Mr. Kush's Works being sold or offered for sale at prices far below their value and on items on which Mr. Kush has not licensed such Works to appear.

## FIRST CLAIM FOR RELIEF

### Direct Copyright Infringement Under 17 U.S.C. § 501 et seq.

49.    Plaintiffs incorporate the allegations in the preceding paragraphs as if fully set forth herein.

50.    Plaintiff Vladimir Kush owns a valid copyright in and to the Works.

51.    The Works constitute copyrightable subject matter, as they are works within the meaning of Section 102(a) of the Copyright Act of 1976 ("The Copyright Act").

52.    The Works are original works of authorship fixed in a tangible medium of expression from which they can be perceived, as they are works of visual art.  Mr. Kush has taken all reasonable steps necessary to protect the copyrights, including obtaining U.S. Copyright Registrations for the Works, as described in **Exhibit A**.

53.    Defendant had access to the Works via image files, likely obtained illicitly by users of the Pixels sites, and uploaded to its websites.

54.    Without the knowledge, approval, or consent of Plaintiffs, Defendant willfully infringed Plaintiffs' copyrights and continues to do so by reproducing, copying, duplicating, displaying publicly, distributing, altering, creating derivative works, and/or otherwise using Mr. Kush's copyrighted Works for Defendant's own commercial purposes on the Pixels.com website and other websites owned and/or operated by Pixels.

55.    Defendant's unlawful activities violate Mr. Kush's exclusive rights under the Copyright Act and constitute willful and intentional direct copyright infringement.

56.    Such infringement has caused harm, and continues to cause harm to Plaintiffs.

57.    As a direct and proximate result of Defendant's copyright infringement, Plaintiffs have suffered monetary damages and  irreparable injury to their business, reputation, and goodwill.

/ / /

GREENBERG TRAURIG, LLP
10845 Griffith Peak Dr. Suite 600
Las Vegas, Nevada 89135
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

ACTIVE 723838778v1

58.     Mr. Kush has complied in all respects with the statutory requirements for the creation and enforcement of Mr. Kush's copyright in the copyrighted Work; therefore, Mr. Kush is entitled to an award of statutory damages for Defendant's infringement.  In the alternative, Mr. Kush is entitled to an award of actual damages and Defendant's profits.

59.     Defendant's conduct has made it necessary for Plaintiffs to retain counsel to file this suit and otherwise enforce their rights, and as such, Plaintiffs are entitled to recover reasonable attorneys' fees and costs incurred in connection herewith.

## SECOND CLAIM FOR RELIEF

## Vicarious Copyright Infringement

60.     Plaintiffs incorporate by reference all of the above allegations as if fully restated herein.

61.     The Individual Users have infringed Mr. Kush's copyrights in the Works.

62.     Defendant Pixels obtains a direct financial benefit from the infringing activity of the Individual Users.

63.     Defendant Pixels has the right and ability to supervise or control the infringing activity of the Individual Users, both with respect to such Users' unauthorized uses of Mr. Kush's Works on the Pixels websites, and with respect to Pixels printing, framing, matting, packaging, warehousing, and shipping art objects and household goods displaying the Works, and assisting the Individual Users with sales and marketing of the same, including, without limitation, by acting as a payment processor.

64.     Defendant Pixels failed to exercise that right or ability, resulting in damages to Plaintiffs.

65.     Defendant Pixels' unlawful activities violate Plaintiffs' exclusive rights under the Copyright Act and constitute willful and intentional infringement.

66.     Such infringement has caused harm, and continues to cause harm to Plaintiffs.

67.     As a direct and proximate result of Defendant Pixels' vicarious copyright infringement, Plaintiffs have suffered monetary damages and  irreparable injury to their business, reputation, and goodwill.

68.     Mr. Kush has complied in all respects with the statutory requirements for the creation and enforcement of Mr. Kush's copyright in the copyrighted Work; therefore, Mr. Kush is entitled to

GREENBERG TRAURIG, LLP
10845 Griffith Peak Dr. Suite 600
Las Vegas, Nevada 89135
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

ACTIVE 723838778v1

an award of statutory damages for Defendant Pixels' infringement.  In the alternative, Mr. Kush is entitled to an award of actual damages and Defendant Pixels' profits.

69.     Defendant's conduct has made it necessary for Plaintiffs to retain counsel to file this suit and otherwise enforce their rights, and as such, Plaintiffs are entitled to recover reasonable attorneys' fees and costs incurred in connection herewith.

**THIRD CLAIM FOR RELIEF**

**Contributory Copyright Infringement**

70.     Plaintiffs incorporate by reference all of the above allegations as if fully restated herein.

71.     The Individual Users have infringed Mr. Kush's copyrights in the Works.

72.     Defendant Pixels knew or should have known of the Individual Users' infringing activity, including through receipt of DMCA notices identifying numerous Works, a substantial number of which remained publicly displayed on the Pixels websites for months after Pixels' receipt of such notices.

73.     Defendant Pixels intentionally contributed to the infringing activity via their website policies and procedures encouraging copyright infringement.  Pixels actively induces users to infringe, and intends that users do so.  Pixels also provides the site and facilities for the infringement by providing not only the place for the Individual Users to display and sell their work, but by arranging for the unlawful reproductions once an order has been received by a customer.

74.     Defendant Pixels' unlawful activities violate Mr. Kush's exclusive rights under the Copyright Act and constitute willful and intentional infringement.

75.     Such infringement has caused harm, and continues to cause harm to Plaintiffs.

76.     As a direct and proximate result of Defendant Pixels' contributory copyright infringement, Plaintiffs have suffered monetary damages and  irreparable injury to their business, reputation, and goodwill.

77.     Mr. Kush has complied in all respects with the statutory requirements for the creation and enforcement of Mr. Kush's copyright in the copyrighted Works; therefore, Mr. Kush is entitled to an award of statutory damages for Defendant Pixels' infringement.  In the alternative, Mr. Kush is entitled to an award of actual damages and Defendant Pixels' profits.

GREENBERG TRAURIG, LLP
10845 Griffith Peak Dr. Suite 600
Las Vegas, Nevada 89135
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

ACTIVE 723838778v1

GREENBERG TRAURIG, LLP
10845 Griffith Peak Dr. Suite 600
Las Vegas, Nevada 89135
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

78. Defendant's conduct has made it necessary for Plaintiffs to retain counsel to file this suit and otherwise enforce their rights, and as such, Plaintiffs are entitled to recover reasonable attorneys' fees and costs incurred in connection herewith.

## FOURTH CLAIM FOR RELIEF

### Falsification and Removal of Copyright Management Information

### Pursuant to 17 U.S.C. § 1202

79. Plaintiffs incorporate by reference all of the above allegations as if fully restated herein.

80. By engaging in the conduct described herein, Defendant knowingly, and with the intent to induce, enable, facilitate, or conceal copyright infringement, provided copyright management information that is false, and/or distributed copyright management information that is false.

81. The Works contain copyright management information, specifically, Plaintiff Kush's signature, which identifies him as the author of the Works. Each Work also has a title given to such Work by Mr. Kush.

82. When the images are displayed on Pixels.com and its related sites, Mr. Kush's signature is obscured or removed, including by a watermark for the Pixels-owned site, and the titles of the Works are changed.

83. By engaging in the conduct described herein, Defendants, without the authority of Plaintiffs or the law, intentionally removed or obscured Plaintiff Kush's copyright management information from the Works, knowing that copyright management information had been removed without the authority of Plaintiffs or the law, and knowing that it would induce, enable, facilitate, or conceal an infringement of Plaintiffs' rights.

84. As a direct and proximate result of Defendant's actions, Plaintiffs have suffered monetary damages and irreparable injury to their business, reputation, and goodwill.

85. Plaintiffs are entitled to damages pursuant to 17 U.S.C. § 1203.

86. Defendant's conduct has made it necessary for Plaintiffs to retain counsel to file this suit and otherwise enforce their rights, and as such, Plaintiffs are entitled to recover reasonable attorneys' fees and costs incurred in connection herewith.

/ / /

ACTIVE 723838778v1

GREENBERG TRAURIG, LLP
10845 Griffith Peak Dr. Suite 600
Las Vegas, Nevada 89135
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

**FIFTH CLAIM FOR RELIEF**

**Visual Artists Rights Act – 17 U.S.C. § 106A**

87.  Plaintiffs incorporate by reference all of the above allegations as if fully restated herein.

88.  Mr. Kush is the author of the Works, which are works of visual art.

89.  Under the Visual Artists Rights Act, Mr. Kush has the right to prevent the use of his name as the author of any work of visual art which he did not create.

90.  Numerous Individual Users attached Mr. Kush's name to works that Mr. Kush did not create. Such works are set forth in **Exhibit A**. Further, numerous Individual Users attached Mr. Kush's name to works that had been cropped or altered such that they are essentially new works that Mr. Kush did not create.

91.  As a direct and proximate result of Defendant's actions, Mr. Kush has suffered monetary damages and irreparable injury to his business, reputation, and goodwill.

92.  Mr. Kush is entitled to injunctive relief and damages pursuant to the Copyright Act.

93.  Defendant's conduct has made it necessary for Mr. Kush to retain counsel to file this suit and otherwise enforce their rights, and as such, Mr. Kush is entitled to recover reasonable attorneys' fees and costs incurred in connection herewith.

**SIXTH CLAIM FOR RELIEF**

**Moral Rights - NRS 597.720**

94.  Plaintiffs incorporate by reference all of the above allegations as if fully restated herein.

95.  Mr. Kush is the author of the Works, which are works of art.

96.  Under NRS 597.720 et seq., Pixels and its related sites may not, without consent of Mr. Kush, publish or display in public, in this state, Mr. Kush's works of art or a reproduction of the works of art, in a defaced, mutilated or altered form and represent it as the work of the artist.

97.  Many of the displays of Mr. Kush's Works on Pixels and its related sites are significantly cropped, have coloring different from the originals, or are otherwise altered.

98.  Mr. Kush has not consented to the display of these altered works by Pixels and its related sites.

/ / /

ACTIVE 723838778v1

GREENBERG TRAURIG, LLP
10845 Griffith Peak Dr. Suite 600
Las Vegas, Nevada 89135
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

99. As a direct and proximate result of Defendant's actions, Mr. Kush has suffered monetary damages and irreparable injury to his business, reputation, and goodwill.

100. Mr. Kush is entitled to damages and attorneys fees pursuant to NRS 597.740.

101. Defendant's conduct has made it necessary for Mr. Kush to retain counsel to file this suit and otherwise enforce their rights, and as such, Mr. Kush is entitled to recover reasonable attorneys' fees and costs incurred in connection herewith.

## SEVENTH CLAIM FOR RELIEF

### Registered Mark Infringement – 15 U.S.C. § 1114

102. Plaintiffs incorporate by reference all of the above allegations as if fully restated herein.

103. Plaintiff Kush Fine Art Ltd. is the owner of U.S. Trademark Registration No. 3600319, for VK VLADIMIR KUSH (stylized), including in connection with graphic art reproductions; framed and unframed paintings; and prints.

104. Defendant's intentional and willful use in commerce of a mark confusingly similar to Plaintiffs' well-known trademark, including displaying works (1) authored by Mr. Kush but used without authorization in connection with the name VLADIMIR KUSH, as well as Mr. Kush's signature, which is incorporated within U.S. Trademark Registration No. 3600319, and (2) not authored by Mr. Kush but used in connection with the name VLADIMIR KUSH, constitutes registered mark infringement.

105. As a direct and proximate result of Defendant's actions, Plaintiffs have suffered monetary damages and  irreparable injury to their business, reputation, and goodwill.

106. Defendant's conduct has made it necessary for Plaintiffs to retain counsel to file this suit and otherwise enforce their rights, and as such, Plaintiffs are entitled to recover reasonable attorneys' fees and costs incurred in connection herewith.

## EIGHTH CLAIM FOR RELIEF

### Unfair Competition/False Association – 15 U.S.C. 1125(a)

107. Plaintiffs incorporate by reference all of the above allegations as if fully restated herein.

108. Plaintiffs' distinctive imagery is instantly recognizable among members of the public, who closely associate the same with renowned visual artist Plaintiff Vladimir Kush.

ACTIVE 723838778v1

GREENBERG TRAURIG, LLP
10845 Griffith Peak Dr. Suite 600
Las Vegas, Nevada 89135
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

109. Plaintiffs have also developed common law rights in connection with the term VLADIMIR KUSH, including in connection with graphic art reproductions; framed and unframed paintings; and prints.

110. Defendant's intentional and willful use in commerce of Plaintiffs' well-known and recognizable imagery, signature, and name, including displaying works (1) authored by Mr. Kush but used without authorization in connection with the name VLADIMIR KUSH, and/or Mr. Kush's signature, and (2) not authored by Mr. Kush but used in connection with the name VLADIMIR KUSH, constitutes a false designation of origin and/or a false or misleading description or representation of fact, which is likely to cause confusion, cause mistake, or deceive as to affiliation, connection, or association with Plaintiffs, or as to the origin, sponsorship, or approval of Defendant's services or commercial activities by Plaintiffs.

111. As a direct and proximate result of Defendant's actions, Plaintiffs have suffered monetary damages and  irreparable injury to their business, reputation, and goodwill.

112. Defendant's conduct has made it necessary for Plaintiffs to retain counsel to file this suit and otherwise enforce their rights, and as such, Plaintiffs are entitled to recover reasonable attorneys' fees and costs incurred in connection herewith.

## NINTH CLAIM FOR RELIEF

### Violation of Nevada's Right of Publicity Statute, NRS 597.770 et seq.

113. Plaintiffs incorporate by reference all of the above allegations as if fully restated herein.

114. Under Nevada law, there is a right of publicity in the name, voice, signature, photograph or likeness of every person, requiring consent of that person prior to commercial use.

115. By virtue of the conduct described above, Pixels engaged in commercial use of Mr. Kush's name and signature without his consent, violating Mr. Kush's right of publicity.

116.  As a direct and proximate result of Defendant's actions, Mr. Kush has suffered monetary damages and  irreparable injury to his business, reputation, and goodwill, including actual damages.  Mr. Kush is also entitled to injunctive relief and punitive damages.

/ / /

/ / /

ACTIVE 723838778v1

GREENBERG TRAURIG, LLP
10845 Griffith Peak Dr. Suite 600
Las Vegas, Nevada 89135
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

117.    Defendant's conduct has made it necessary for Mr. Kush to retain counsel to file this suit and otherwise enforce their rights, and as such, Mr. Kush is entitled to recover reasonable attorneys' fees and costs incurred in connection herewith.

### TENTH CLAIM FOR RELIEF

### Violations of Nevada Deceptive Trade Practices Statute, NRS 598

118.    Plaintiffs incorporate by reference all of the above allegations as if fully restated herein.

119.    Defendant engaged in deceptive trade practices pursuant to Nevada law by engaging in the conduct outlined herein via violation of NRS 598, including the following:

a.    Defendant engaged in deceptive trade practices pursuant to Nevada law where, in the course of its businesses or occupations, it knowingly made a false representation as to the source, sponsorship, or approval of goods or services.

b.    Defendant engaged in deceptive trade practices pursuant to Nevada law where, in the course of its businesses or occupations, it knowingly made a false representation as to affiliation, connection, association with or certification by Plaintiffs.

c.    Defendant engaged in deceptive trade practices pursuant to Nevada law where, in the course of its businesses or occupations, it knowingly made a false representation as to the sponsorship, approval, status, affiliation or connection of Plaintiffs therewith.

d.    Defendant engaged in deceptive trade practices under Nevada law where it knowingly made false representations in transactions, namely, that Mr. Kush was the author of certain works when he was not.

120.    As a direct and proximate result of Defendant's actions, Plaintiffs have suffered monetary damages and  irreparable injury to their business, reputation, and goodwill.

121.    Defendant's conduct has made it necessary for Plaintiffs to retain counsel to file this suit and otherwise enforce their rights, and as such, Plaintiffs are entitled to recover reasonable attorneys' fees and costs incurred in connection herewith.

/ / /

ACTIVE 723838778v1

## ELEVENTH CLAIM FOR RELIEF

### Unjust Enrichment

122. Plaintiffs incorporate by reference all of the above allegations as if fully restated herein.

123. On information and belief, Defendant wrongfully used Plaintiff Kush's name and Works to profit from and make considerable sums of money for itself, which it retained.

124. Defendant has been and continues to be unjustly enriched by the association with Plaintiffs.

125. As a direct and proximate result of Defendant's actions, Plaintiffs have suffered monetary damages and irreparable injury to their business, reputation, and goodwill.

126. Defendant's conduct has made it necessary for Plaintiffs to retain counsel to file this suit and otherwise enforce their rights, and as such, Plaintiffs are entitled to recover reasonable attorneys' fees and costs incurred in connection herewith.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully pray that the Court grant the following relief:

A. A declaration that Defendant has infringed Plaintiffs' copyright in the copyrighted Works;

B. A preliminary and permanent injunction prohibiting Defendant, its respective officers, agents, servants, employees and/or all persons acting in concert or participation with them, or any of them, from utilizing the Works in any manner whatsoever, including reproduction, distribution, or display of the Works on any of its websites;

C. A preliminary and permanent injunction prohibiting Defendant, its respective officers, agents, servants, employees and/or all persons acting in concert or participation with them, or any of them, from using the VLADIMIR KUSH name or signature in connection with any works not authored by Vladimir Kush or not authorized to be sold by Pixels;

D. An award of actual, compensatory, consequential, special, statutory, and/or punitive damages in an amount to be determined at trial;

E. An award of attorneys' fees and costs pursuant to the Copyright Act;

/ / /

GREENBERG TRAURIG, LLP
10845 Griffith Peak Dr. Suite 600
Las Vegas, Nevada 89135
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

ACTIVE 723838778v1

F.    An award of damages pursuant to NRS 41.600 and NRS 598, including attorneys' fees and costs;

G.    An award of interest as permitted by law; and

H.    All other relief to which Plaintiffs are entitled.

Pursuant to Federal Rule of Civil Procedure 38, Plaintiffs demand a trial by jury.

DATED this 8th day of May, 2026.

**GREENBERG TRAURIG, LLP**


    */s/ Bethany L .Rabe*
MARK G. TRATOS, ESQ.
Nevada Bar No. 1086
BETHANY L. RABE, ESQ.
Nevada Bar No. 11691
JACOB LANGSNER, ESQ. *(admission pending)*
Nevada Bar No. 17085
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135

*Counsel for Plaintiffs*

GREENBERG TRAURIG, LLP
10845 Griffith Peak Dr. Suite 600
Las Vegas, Nevada 89135
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

ACTIVE 723838778v1